**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff/Respondent,<br><br>v.<br><br>Hector Francisco Ortiz, Jr.,<br><br>  Defendant/Movant. | No. CV-16-02408-PHX-NVW (ESW)<br>CR-12-00877-PHX-NVW-2<br><br>**ORDER** |

Before the Court is Magistrate Judge's Report and Recommendation (Doc. 11). The Magistrate Judge recommended that the Court dismiss with prejudice Hector Francisco Ortiz, Jr.'s ("Ortiz") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1). The Court denies Ortiz's motion, but it does so for reasons different from those the Magistrate Judge provided.

Ortiz pleaded guilty to three counts of the Second Superseding Indictment: (1) Count 1 (Conspiracy to Possess with Intent to Distribute Marijuana); (2) Count 10 (Conspiracy to Commit Money Laundering); and (3) Count 26 (Possession or Use of a Firearm During and in Relation to a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i)). (CR. Doc. 712 at 1.) As part of his plea agreement, he waived all rights to appeal and all collateral attacks, including those brought via § 2255. (*Id.* at 4.) Nevertheless, less than a week after the district court entered judgment against Ortiz, he filed a notice of appeal. (CR. Doc. 718, 728). The Ninth Circuit upheld his conviction in a memorandum disposition. After noting that Ortiz's attorney had withdrawn pursuant to

*Anders v. California*, 386 U.S. 738 (1967), the court was terse in dismissing the appeal: "Ortiz has waived his right to appeal his conviction and sentence. Because the record discloses no arguable issue as to the validity of the appeal waiver, we dismiss the appeal." (CR. Doc. 909-1 at 2 (citing *United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009).)

Ortiz then filed his § 2255 petition, and he later supplemented it with another ground. (Doc. 1, 6.) In total, he presents five grounds of collateral attack, although they all amount to the same textual argument:

(1) "Counsel rendered ineffective assistance by failing to object to the District Court's Rule 11(b)(1) and (3) violations by accepting Movant's guilty plea to an element movant was not indicted for, thereby rendering movant's guilty plea involuntary, unknowing[ ], and unintelligent[ ], violating Movant's due process rights." (Doc. 1 at 5.) Ortiz further claims that the District Court "failed to inform Movant that he was pleading guilty to conduct not charged in the [S]econd [S]uperseding [I]ndictment, [C]ount 26." (*Id.*)

(2) "Defense counsel rendered ineffective assistance by advising movant to plead guilty to 'possession' of a firearm 'in furtherance' of a drug trafficking offense[, w]hereas the 'in furtherance' element broadened the Grand Jury's indictment Count 26." (Doc. 1 at 6.)

(3) "Defense counsel rendered ineffective assistance by failing to inform Movant that Count 26 of the Second Superseding Indictment does not charge a federal crime under Section 924(c), and not to plead guilty." (Doc. 1 at 7.) Ortiz also says that the "plea agreement's factual basis does not allege that Movant 'used' a firearm during and in relation to a drug trafficking offense." (*Id.*) He further asserts that "Congress did not criminalize 'possession' of a firearm 'during and in relation' to a drug trafficking offense." (*Id.*) The district court lacked jurisdiction because he was not properly indicted by the Grand Jury. (*Id.*)

(4) "Defense counsel was ineffective for: (1) failing to object to the District Court's Rule 11(b)(1) and (3) violations in accepting Movant's guilty plea without any factual basis; (2) failing to ensure Movant's guilty plea and his waiver of constitutional rights was [voluntary], knowing[ ], and intelligent[ ]; (3) none of the waivers were made voluntarily, knowingly, and intelligently; (4) ill-advising Movant to waive his right to challenge the

state wire taps and any evidence predicated there on." In other words, the Magistrate Judge, District Judge, prosecutor, and defense attorney did not make sure that Ortiz understood § 924(c). (*Id.*)

(5) "Movant is [actually innocent] of 'possession of a firearm in furtherance' of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Doc. 6 at 1.) "[P]ossession of a firearm 'during and in relation' to a drug trafficking crime, is not a § 924(c) crime [enacted] by Congress rendering Movant [actually innocent of [C]ount 26]." (*Id.* at 2.)

28 U.S.C. § 2255(a) allows federal prisoners to obtain habeas relief in the following situations: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose [the] sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence "is otherwise subject to collateral attack."

None of the § 2255 circumstances applies here. Ortiz's sentence does not violate the Constitution or laws of the United States; the District Court had jurisdiction; the sentence was not in excess of the maximum authorized by law; and Ortiz's collateral attack is meritless. His situation presents no "fundamental defect [that] inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962) (internal quotation marks omitted).

As a threshold matter, the relevant portion of the statute in question, 18 U.S.C. § 924, penalizes "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." *Id.* § 924(c)(1)(A). The statute even provides for increasing penalties, from merely having the weapon to brandishing it to discharging it. *Id.* § 924(c)(1)(A)(i)-(iii). Count 26 covered almost all of the statutory bases, alleging that Ortiz "did use, carry, and possess a firearm, during and in relation to a drug trafficking crime, that is, Conspiracy to

Possess with the Intent to Distribute Marijuana as alleged in Count 1 of this Second Superseding Indictment, a felony crime prosecutable in a Court of the United States." (CR. Doc. 396 at 14-15.)

Ortiz's argument boils down to the fact that § 924(c)(1)(A), on its face, criminalizes two separate types of activities: (1) *using or carrying* a firearm "during and in relation" to a drug-trafficking offense and (2) *possessing* a firearm "in furtherance" of such a crime. He quibbles with the language because Count 26 did not accuse him of possessing the gun "in furtherance of" his uncontested drug trafficking activities. Instead, it accused him of using, carrying, and possessing a firearm during and in relation to a drug trafficking crime. Rather than recognizing that the possession language of Count 26 was superfluous, Ortiz now asserts that he would have made the Government go to trial to prove that he possessed the firearm in furtherance of his drug trafficking.

Ortiz's claim is illogical. Ortiz conceded that he used or carried the firearm during and in relation to drug trafficking—an independent, statutorily sufficient reason for his conviction. In recounting the factual basis during the plea before the Magistrate Judge, the Government noted that Ortiz "possessed a gun during these money exchanges . . . to protect the drug proceeds in furtherance of the defendant's drug-trafficking activities." (CR. Doc. 769 at 24:5-7.) That activity plainly falls under the auspices of both § 924(c)(1)(A) and Count 26: using a firearm during and in relation to a drug-trafficking crime. To be sure, the Government could have avoided any confusion by mirroring the statute and saying "carried a gun" instead of "possessed." In the end, however, the result is the same. Ortiz never disputed that he did what the Government claims. In fact, Ortiz admitted that the Government's characterization was correct, stating under oath that he had read the entire factual basis and that he was satisfied with his lawyer's performance. (*Id.* at 34:5-25.) That factual basis specified that Ortiz "possessed a gun during [ ] money exchanges with the [confidential source] to protect the drug proceeds in furtherance of the defendants' drug trafficking activities." (CR. Doc. 532 at 11.) Ortiz even admitted to discussing trading automatic weapons, handguns, and rifles to Mexican nationals in

exchange for drugs. (CR. Doc. 532 at 14.) That is a wholly separate "use" of a firearm in connection with drug trafficking. *See Smith v. United States*, 508 U.S. 223, 241 (1993) ("We [ ] hold that a criminal who trades his firearm for drugs 'uses' it during and in relation to a drug trafficking offense within the meaning of § 924(c)(1).").

Ortiz does not get to claim ineffective assistance of counsel simply because his lawyer did not concoct a risible argument. *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel."). The Magistrate Judge in the criminal proceeding carefully laid out the elements of Count 26. He asked Ortiz if Ortiz understood that his conduct met each of the elements of Count 26: "Do . . . you understand those elements of the crime for possession *or use* of a firearm in relation to a drug-trafficking offense?" (Emphasis added.) Ortiz responded, "Yes, sir." (CR. Doc. 769 at 20:20-21:9.) He pleaded guilty to exactly what he was charged with: using a firearm in connection with drug trafficking. To the extent that Ortiz suggests that he did not "use" a firearm, perhaps because he did not brandish or discharge one, he is mistaken. The statute clearly contemplates use of a firearm simply by carrying one to protect the drugs. *Cf. United States v. O'Brien*, 560 U.S. 218, 232-33 (2010) (discussing how Congress, in direct response to a contrary Supreme Court decision, amended § 924(c)(1)(A) to ensure punishment of possession alone). That is why there are also even harsher penalties for brandishing and discharging the firearm. *See* 18 U.S.C. § 924(c)(1)(A)(i)-(iii). And as the Supreme Court has explained, a defendant need not even have the firearm on his person to be guilty under § 924(c). *See Muscarello v. United States*, 524 U.S. 127-28 (1998) ("The question before us is whether the phrase 'carries a firearm' is limited to the carrying of firearms on the person. We hold that it is not so limited.").

Ortiz's waiver was knowing and voluntary. The Magistrate Judge, District Judge, and Ninth Circuit so found. Even now, he does not claim that he did not understand the words written on the page or spoken in open court; he simply recasts his argument in ineffective assistance terms. Ortiz's § 2255 petition is a transparent attempt at a second

appeal, as he made the same argument, without the ineffective assistance language, before the Ninth Circuit. (*See* Doc. 7-3 at 3.) The Court rejects his position—although not based on law-of-the-case grounds.

Indeed, the Court notes that it is unclear why so many Ninth Circuit cases refer to subsequent § 2255 proceedings as "law of the case." *See, e.g., United States v. Jingles*, 702 F.3d 494, 498 (9th Cir. 2012) ("If Jingles did raise this issue on direct appeal and the previous panel addressed it, then that decision is the law of the case."). In *United States v. Hayes*, 231 F.3d 1132 (9th Cir. 2000), the court made the well-established point that "[w]hen a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *Id.* at 1139. Yet it went on, based on a prior panel's ruling on direct appeal, to refer whether the government had violated its *Brady* obligation as "the law of this case." *Id.*

As the Ninth Circuit once put it, "Law of the case precludes relitigation of issues which another panel has decided on a prior appeal in the same case. A habeas petition is a separate civil action, not the same case, and therefore, the law of the case doctrine does not apply. Decisions of courts on direct appeal are not law of the case upon courts reviewing the matter for habeas." *United States v. Scrivner*, 167 F.3d 525, 529 (9th Cir. 1999). Unfortunately, that opinion was withdrawn and replaced. *See* 189 F.3d 825 (9th Cir. 1999). To be sure, other principles bar reconsideration of habeas corpus of claims previously adjudicated on direct appeal. But it only confuses to arbitrarily redefine law of the case doctrine to expand it to habeas corpus. Such expansion serves only the needless purpose of doubly precluding duplicative litigation—a purpose already inherent in § 2255 jurisprudence and collateral estoppel principles.

IT IS THEREFORE ORDERED that the Report and Recommendation (Doc. 11) is rejected.

IT IS FURTHER ORDERED that Hector Francisco Ortiz, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody

1  (Doc. 1) and Motion Adding Ground Five to Movant's Motion Under 28 U.S.C. § 2255
2  to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 6) are
3  denied and dismissed with prejudice.

4      IT IS FURTHER ORDERED that a Certificate of Appealability from this
5  judgment is denied because Plaintiff has failed to make a substantial showing of the
6  denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

7      The clerk shall terminate this case.

8      Dated this 27th day of November, 2017.

_____
Neil V. Wake
Senior United States District Judge